# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10421
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO VERA-FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-95-1

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Mario Vera-Flores appeals the 18-month, above-guidelines sentence imposed following his guilty-plea conviction for illegal reentry into the United States after removal. Vera-Flores argues that the sentence is substantively unreasonable in that it represents a clear error in judgment by the district court in balancing the 18 U.S.C. § 3553(a) sentencing factors.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10421

When reviewing a sentence for substantive reasonableness, we apply an abuse of discretion standard, "regardless of whether the sentence imposed is inside or outside the Guidelines range." *United States v. Fraga*, 704 F.3d 432, 437 (5th Cir. 2013) (internal quotation marks, brackets, and citation omitted). We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 440 (internal quotation marks and citation omitted). A non-guidelines sentence unreasonably fails to reflect the § 3553(a) sentencing factors when, among other things, it "represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

In imposing the above-guidelines sentence, the district court expressly stated that it had considered various § 3553(a) sentencing factors and made specific reference to Vera-Flores's criminal history and his two prior convictions for driving while intoxicated. As we have explained, "a defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence." *Fraga*, 704 F.3d at 440 (internal quotation marks, brackets, and citation omitted). To the extent that Vera-Flores is asserting that the district court erred in relying on factors already encompassed within the guidelines, his argument is foreclosed. *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010). Finally, the extent of the variance in this case is not excessive when compared to other affirmed variances. *See id.* at 475-76 (upholding upward variance from guidelines maximum of 57 months to 216 months); *Smith*, 440 F.3d at 708-10 (affirming upward variance from guidelines maximum of 27 months to 60 months).

In sum, Vera-Flores has failed to point specifically to a clear error by the district court in balancing the sentencing factors or otherwise abusing its discretion by imposing the above-guidelines sentence. *See id.* at 708; *Fraga*,

704 F.3d at 437.  Rather, it appears that Vera-Flores is merely expressing his disagreement with how the district court balanced the § 3553(a) factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).  The judgment of the district court is AFFIRMED.